**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 6, 2012

Lyle W. Cayce
Clerk

No. 11-51132
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL OLMOS, JR., also known as Manuel Olmos,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-297-3

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Manuel Olmos, Jr., pleaded guilty to conspiring to possess with intent to
distribute and to distribute at least 500 grams of methamphetamine.  He was
sentenced to 275 months of imprisonment and five years of supervised release.
Olmos contends that his sentence is substantively unreasonable because it is
greater than necessary to meet the sentencing goals in 18 U.S.C. § 3553(a).  He
argues that the career offender Guideline produced a guidelines range that was
greater than necessary to provide just punishment, to provide adequate

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

deterrence, and to protect the public. He also argues that the district court failed to properly account for his minimal criminal history, remorse for his conduct, record of employment, and record of being a committed father.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). We apply a presumption of reasonableness to a sentence imposed within a properly calculated guidelines range. *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The district court was aware that Olmos was the father of three children and had a brief record of employment. At sentencing, Olmos apologized for his conduct. The district court stated in writing that it imposed a sentence at the low end of the guidelines range because Olmos had only six criminal history points prior to the application of the career offender Guideline. The district court also took into account that the quantity of methamphetamine Olmos was held responsible for, 6.37 kilograms, was "at the lower end of the Drug Quantity Table." Thus, the record reflects that the district court concluded that a 275-month sentence was appropriate in light of the § 3553(a) factors concerning the nature and seriousness of the offense and Olmos's history and characteristics. *See* § 3553(a)(1), (2)(A).

Olmos has not demonstrated that the district court failed to give the proper weight to any particular § 3553(a) factor or that his sentence "represents a clear error of judgment in balancing sentencing factors." *Cooks*, 589 F.3d at 186. Therefore, Olmos has failed to rebut the presumption of reasonableness that we apply to his within-guidelines sentence. *See id.*

The judgment of the district court is AFFIRMED.